Estate of William G. Miller, Deceased, Morris Robinson, Administrator v. Commissioner.
Estate of Miller v. Commissioner
Docket No. 85948.
United States Tax Court
T.C. Memo 1962-11; 1962 Tax Ct. Memo LEXIS 296; 21 T.C.M. (CCH) 43; T.C.M. (RIA) 62011; January 24, 1962
*296 The administrator's attorney filed application in probate court for the allowance of an attorney fee of $53,000. After hearing, in which the administrator and heirs appeared in resistance, the court allowed a $50,000 fee, which was paid. Held, the $50,000 was deductible from the gross estate in computing estate tax under Sec. 2053(a)(2), I.R.C. of 1954. Arthur S. Sachs, Esq., for the petitioner. Douglas D. Robertson, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency in estate tax in *297 the estate of William G. Miller, Deceased, in the amount of $11,376. The only issue is whether the attorney fee for the administrator's attorney, which was allowed and paid in the sum of $50,000 was deductible in full or in the sum of $17,000, which respondent determined. Findings of Fact William G. Miller, a resident of New Haven, Connecticut, died testate on December 9, 1955, leaving an estate of approximately $497,596.78 and a nephew and niece as his only heirs. Administration of the estate was had in the Probate Court, District of New Haven, and on or about February 21, 1956 Morris Robinson was appointed administrator of the estate and Howard A. Jacobs was employed as attorney for the administrator. Jacobs was not related to the heirs. Administration of the estate proceeded and in 1957 the administrator and attorney were each paid $10,000 partial fees. Also in that year the Federal estate tax return was filed with a remittance of $87,492.11 tax. This return showed $85,000 was "Reserved for Administrator's fees, attorneys' fees, accounting services, probate fees, administrator's bond premiums and disallowed claims." In the latter part of January 1959, at a time when administration *298 of the estate was nearing the end, Jacobs filed an application with the probate court for allowance of additional fees to him as attorney and to the administrator. In this application it was stated that partial payments had been made on the United States Estate Tax and Connecticut Succession Tax due in connection with this estate but that it was essential to have the administrator and attorney fees determined so that final account could be filed. Shortly after the above application was filed, Robinson called Jacobs to discuss the question of the attorney fee Jacobs was going to ask the probate court to allow. Jacobs said he was going to ask for a total fee of $53,000, or an allowance of $43,000 in addition to the $10,000 he had received in 1957. Robinson said that did not meet with his approval and he notified Jacobs he was discharged as his attorney. Robinson notified the clerk of the probate court that there would be a contested hearing on the matter of the allowance of the attorney fee for Jacobs. The hearing was set for February 11, 1959, before the judge of the probate court and the clerk sent a notice of the time and place of the hearing to Jacobs and the clerk also made *299 arrangements to have a stenographer present for the hearing. There was a postponement of a few days at Robinson's request in order to give his new attorney time for preparation. At the hearing before the probate judge held on or about February 11, 1959, Robinson and the two heirs were present and Robinson stated he and the heirs were objecting to the allowance of Jacobs' requested fee of $53,000. Jacobs was sworn and his testimony was a recital of what he had done over the three years in connection with the Administration of the estate. After he had concluded there was some remark made by Robinson that the heirs might not be firm in their objection and if they did not object he would not object to the requested allowance. The court asked Robinson and Jacobs if they would be willing to have him talk to the heirs in chambers and he asked the heirs if they would be willing to talk to him. Since all were willing, the judge and the clerk and the heirs talked in chambers. The heirs told the judge that while they were objecting they were anxious to have the estate settled. They said they had not had any knowledge prior to the hearing that Jacobs had been fired by Robinson and that they *300 preferred that Jacobs remain and act as attorney. The judge told them that, while he had not made up his mind, he felt an attorney fee of $50,000 for Jacobs would not be unreasonable in view of the size of the estate and the character of the work done. When this private hearing terminated the judge and clerk and the heirs returned to the court. There was a "flareup" between Robinson and Jacobs over future charges and the judge made it clear that any fee he would allow would mean Jacobs would have to be rehired as attorney and the fee would be for all of his past and future services until the estate was closed. About a week or ten days later the judge entered an order awarding Jacobs a total fee of $50,000 for his services as attorney for the administrator and reappointed him to act until the estate was closed. At the same time an order was entered granting an additional $7,000 for Robinson. Shortly thereafter Robinson filed an appeal to the Superior Court of New Haven County from the probate order awarding Jacobs the $50,000 fee. This was never heard on the merits. It was immediately followed by an application in the probate court by the nephew-heir to have Robinson removed as administrator. *301 Robinson immediately thereafter again discharged Jacobs and he applied to the Superior Court of New Haven County for a writ of prohibition to restrain the probate court from acting on the petition to remove him. Finally on March 13, 1959 Robinson, Jacobs, and the two heirs settled their controversies by executing a written instrument which they all signed, whereby all actions were withdrawn. This agreement recites that the two heirs and Robinson "agreed that the fee awarded to Howard A. Jacobs in the amount of $50,000.00 by the Probate Court for the District of New Haven for services rendered to said estate is proper and will be paid forthwith." On August 20, 1959 the sixth preliminary administration account of the estate was prepared and it scheduled as an expense the balance of $40,000 due Jacobs under the fee award order. A hearing was had on this account and it was approved by the probate court and the $40,000 was paid to Jacobs prior to the final audit of the estate tax return. Respondent's determination of deficiency reflects his disallowance of $33,000 of the $50,000 paid Jacobs as an administration expense deduction. Opinion Section 2053, Internal Revenue Code *302 of 1954, provides, in part: SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES. (a) General Rule. - For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts - * * *
(2) for administration expenses, * * *
as are allowable by the laws of the jurisdiction, * * * under which the estate is being administered. Section 20.2053-3(c), Estate Tax Regs., which respondent did not see fit to cite or discuss in his brief, deals specifically with the deductibility of attorneys' fees as an item of administration expense. It provides, in part, as follows: § 20.2053-3 Deduction for expenses of administering estate. * * *
(c) Attorney's fees. (1) The executor or administrator, in filing the estate tax return, may deduct such an amount of attorney's fees as has actually been paid, or an amount which at the time of filing may reasonably be expected to be paid. If on the final audit of a return the fees claimed have not been awarded by the proper court and paid, the deduction will, nevertheless, be allowed, if the district director is reasonably satisfied that the amount claimed *303 will be paid and that it does not exceed a reasonable remuneration for the services rendered, taking into account the size and character of the estate and the local law and practice. * * *
Respondent argues on brief that the "order of the Probate Court of New Haven, Connecticut dated February 26, 1959 awarding additional attorney's fees in the amount of $40,000 to Howard A. Jacobs was not the result of a genuine contest in an adversary proceeding on the merits * * * [and] the record is void of any competent evidence showing the nature of or the amount of work done for the estate by Howard A. Jacobs." Respondent further contends "that the attorney's fee of $50,000 received by Howard A. Jacobs was excessive and unreasonable for the size and complexity of this estate * * * [and] the presumption of correctness of the Commissioner's determination must be upheld." Respondent's regulation which has specific application with respect to the deductibility of attorney fees contains no requirement that the attorney's fee, in order to be deductible, must be allowed in a contested proceeding. It would seem the requirements of the statute and the special regulation with respect to attorney's *304 fees could be satisfied by a showing that the fee was awarded by the proper state court and paid. Respondent cites Section 20.2053-1(b)(2), Estate Tax Regs., governing the effect generally of court decrees with respect to claims and administration expenses. This regulation states such decrees will be accepted as fixing allowable deductions if the court has passed upon the merits; that it will be presumed the court has passed on the merits if there was an active or genuine contest; and, if the decree was rendered by consent, it will be accepted and presumed bona fide if accepted by all parties having an interest adverse to the claimant. In the instant case the attorney fee deduction meets the test of both the general and specific regulations. It is admitted the Probate Court for the District of New Haven was the only court with jurisdiction to allow the attorney fee. That court made the award after a contested hearing on the merits or at least under circumstances that dispel all thoughts of collusion. It was even ultimately accepted by all parties having an adverse interest. It was paid in the court-allowed amount before final audit of the estate tax return. Such a showing on *305 the part of the petitioner presents a prima facie case for deductibility of the attorney's fee as administration expense. Estate of A. Bluestein [Dec. 17,969], 15 T.C. 770; Estate of Elizabeth L. Audenried, 26 T.C. 120. Respondent introduced no evidence. There is no merit in respondent's argument that petitioner had a further burden to substantiate the deduction by evidence of the amount and value of the services rendered by Jacobs. Since the attorney fee was regularly allowed under state law and paid, no presumption of correctness attaches to respondent's determination that it was excessive by the sum of $33,000. We hold for petitioner on the issue presented. Decision will be entered under Rule 50.